**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 26-311-DLB**

**LOVEMANI SINGH** **PETITIONER**

**v.** **MEMORANDUM ORDER**

**WARDEN, et al.,** **RESPONDENTS**

* * * * * * * * * *

## I. INTRODUCTION

This matter is before the Court on Petitioner Lovemani Singh's Motion to Enforce Judgment (Doc. # 14). For the following reasons, the Court will **deny** the Motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Lovemani Singh is a citizen and native of India. (Doc. # 1 ¶ 2). He entered the United States without inspection on or about June 23, 2023 near San Luis, Arizona. (*Id*. ¶ 30; *see also* Doc. # 3-1). He was served with a Notice and Order of Expedited Removal the next day, but the Order was never executed. (Doc. # 3-1). Nearly a month after entry, on July 15, 2023, Singh was served with a Notice to Appear before an Immigration Judge ("IJ"). (Doc. # 1-1). Nine days later, he was granted conditional parole pursuant to Section 212(d)(5) of the Immigration and Nationality Act ("INA") and was subsequently released into the interior. (Doc. # 1-8 at 9). Singh subsequently applied for asylum with United States Citizenship and Immigration Services ("USCIS"). (Doc. # 1-2).

Singh was arrested on June 17, 2026 in Brazil, Indiana. (Doc. # 1 ¶ 33). He was issued a second Notice to Appear, where he was designated "an alien present in the United States who has not been admitted or paroled," and his parole was terminated. (Doc. # 1-3 at 4; Doc. # 1-8 at 9). He was subsequently transferred to the Campbell County Detention Center in Newport, Kentucky, where he remains detained to date. (Doc. # 1 ¶¶ 34, 37). Singh requested bond, which was denied on July 16, 2026, with the IJ finding that Singh was a flight risk. (Doc. # 3-2).

On July 23, 2026, Singh filed a Petition for a Writ of Habeas Corpus. (Doc. # 1). In his Petition, he claimed he was being deprived of his liberty without lawful basis or permissible justification and requested that this Court order his immediate release or, alternatively, a constitutionally adequate bond hearing. (*Id.* ¶¶ 52, 71, 83). On July 27, 2026, the Court ordered Respondents to consider the effect of the Sixth Circuit's decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026) on Singh's claims. (Doc. # 2). On August 4, 2026, Federal Respondents filed a Status Report, stating that *Lopez-Campos* did not apply to Singh's case because he had already received a bond hearing. (Doc. # 3). Federal Respondents did not file any further Response. Singh filed a Reply on August 25, 2026. (Doc. # 9).

On August 28, 2026, this Court ordered Respondents to immediately release Singh, or in the alternative, provide him with a constitutionally adequate bond hearing in which the government bears the burden of proof by clear and convincing evidence under 8 U.S.C. § 1226(a) within seven days of the date of the Order. (Doc. #11). On September 3, 2026 Petitioner was given a bond hearing. Bond was denied; the Immigration Judge found that the government met its burden to prove that Singh is a flight risk based upon

his short time in the country and further noted that the risk is not mitigated by any other factor. (Doc. # 12).

On September 9, 2026 Petitioner filed the instant Motion to Enforce Judgment (Doc. # 14). Having reviewed the Motion, the Court finds that additional briefing is unnecessary to resolve Petitioner's motion.

## III. ANALYSIS

In his Motion to Enforce, Singh argues that the September 3, 2026 bond hearing "was not a hearing that complied with this Court's Order in anything but name." (Doc. #14 at 2). Specifically, Petitioner argues that the hearing was inadequate because he "was afforded no opportunity to explain, under oath and subject to the immigration Judge's own observation" the facts regarding his "employment, his family ties, or his sponsor's commitments" that "his written brief and supporting affidavits described in detail." (Doc. #14 at 8). Further, Singh challenges the immigration Judge's Order on the bases that it fails to cite specific evidence in support of its finding; that the Form I-213 DHS offered as evidence does not support the Order by clear and convincing evidence; and that the Order itself relies on "boilerplate" language and does not address Petitioner's evidence. (Doc. 14 at 8-12). Ultimately, Petitioner's arguments are a challenge to the Immigration Judge's discretionary weighing of the evidence provided at the bond hearing.

### A. Constitutionally compliant bond hearing

Petitioner argues that his bond hearing was not constitutionally compliant because the bond decision itself was an abuse of discretion.

#### *1. The Court lacks jurisdiction to consider the IJ's bond denial*

Petitioner first argues that the IJ's decision to deny bond was an abuse of discretion. At all levels, jurisdiction poses a threshold question. *See Florida v. Thomas*,

532 U.S. 774, 777 (2001) ("we must first consider whether we have jurisdiction to decide this case"). "'Federal courts,' it bears repeating, 'are courts of limited jurisdiction.'" *In re: 2016 Primary Election*, 836 F.3d 584, 587 (6th Cir. 2016) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Thus, "[w]ithin constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." *Bowles v. Russell*, 551 U.S. 205, 212 (2007). At the outset, the Court must determine whether it has jurisdiction to consider Singh's claims.

This Court's jurisdiction is limited by 8 U.S.C. § 1226(e). That statute provides that

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e). Accordingly, "district courts do not have jurisdiction to review discretionary decisions made by an IJ regarding bond." *Fuentes v. Lyons*, No. 5:25-cv-153, 2025 WL 3022478, at *3 (S.D. Tx. Oct. 29, 2025) (citing *Nielsen v. Preap*, 586 U.S. 392, 401 (2019)). Still, the Supreme Court has emphasized that "this limitation applies only to 'discretionary' decisions about the 'application' of § 1226 to particular cases. It does not block lawsuits over 'the extent of the Government's detention authority under the "statutory framework" as a whole.'" *Nielsen*, 586 U.S. at 401 (quoting *Jennings v. Rodriguez*, 583 U.S. 295-96 (2018)). So, where a petitioner challenges a particular discretionary "action" taken by an IJ—as opposed to the statutory framework as a whole—§ 1226(e) precludes the federal courts' review. *Jennings*, 583 U.S. at 296; *see also Borbot v. Warden Hudson Cnty. Corr. Fac.*, 906 F.3d 274, 279 (3d. Cir. 2018) ("Because [the petitioner] does not challenge a particular action or decision, but rather 'the statutory framework that permits his detention without bail,' § 1226(e) does not deprive the District

Court or this Court of jurisdiction[.]" (quoting *Demore v. Kim*, 538 U.S. 510, 517 (2003) (cleaned up)). Thus, the Court may only consider Petitioner's Motion insofar as it challenges the extent of the Government's detention authority under the INA's framework. *See Nielsen*, 586 U.S. at 401.

In *Marroquin v. Noem*, this Court concluded that when a petitioner "challenges a discretionary application of § 1226(a) and fails to raise a cognizable challenge to the underlying statutory framework or the extent of the Government's detention authority, § 1226(e) precludes this Court's review." No. 26-45-DLB, 2026 WL 575222, at *5 (E.D. Ky. Mar. 2, 2026). In *Marroquin*, the petitioner alleged that the IJ "failed to consider specific factors" and "failed to properly weigh the evidence." *Id*. at *4 (internal quotations omitted). There, the Court noted that the petitioner took issue with the IJ's purportedly excessive reliance on specific factors, such as the petitioner's criminal record, in determining that she posed a danger or flight risk. *Id*. The Court concluded that the petitioner's claims—specifically the objection to how the IJ weighed the evidence—were a challenge to a discretionary decision, something this Court lacked the jurisdiction to review. *Id*. (the petitioner "does not claim that her bond hearing lacked necessary procedural safeguards or that the IJ did not have statutory authority to deny bond. Instead she merely argues that the IJ came to the wrong conclusion after reviewing the evidence.").

Accordingly, Singh's Motion does not challenge the INA's statutory framework or the extent of the Government's detention authority. *See Nielsen*, 586 U.S. at 401. Petitioner argues that that the IJ came to the wrong conclusion after reviewing the written evidence before him. (Doc. # 14 at 9-13). The Supreme Court has repeatedly recognized that § 1226(e) bars judicial review of such decisions. *See Nielsen*, 586 U.S. at 401;

*Jennings*, 583 U.S. at 295; *Demore*, 538 U.S. at 516; *see also Espinosa v. ICE Field Office Director*, No. 2:26-cv-34-JHC, 2026 WL 369799, at *1 (W.D. Wash. Feb. 10, 2026) (finding a lack of jurisdiction where the petitioner provided "only factual arguments as to why he should be released on bond"); *Bazurto v. Olson*, No. 1:26-cv-122-SEB-CSW, 2026 WL 285993, at *5 (S.D. Ind. Feb. 3, 2026) ("Section 1226(e) might preclude this Court's intervention if [petitioner] requested bond, an immigration judge considered his request on the merits and denied it, and he petitioned this Court for a different result.").

Because Petitioner challenges a discretionary application of § 1226(a) and fails to raise a cognizable challenge to the underlying statutory framework or the extent of the Government's detention authority, § 1226(e) precludes this Court's review.

## IV. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS SO ORDERED** as follows:

(1) Petitioner's Motion to Enforce Judgment (Doc. # 14) is **DENIED**; and

(2) This matter is hereby **DISMISSED** and **STRICKEN** from the Court's active docket.

This 11th day of September, 2026.

**Signed By:**
***David L. Bunning*** DB
**Chief United States District Judge**